IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLUMBIA INSURANCE CO., MiTek HOLDINGS, INC., and MiTek USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 16-cv-3091 |
| INTEGRATED STEALTH TECHNOLOGY, INC., | ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Defendant Integrated Stealth Technology Inc.'s Motion for Summary Judgment (d/e 33). On June 23, 2017, the Court held a hearing on the Motion. Having considered the parties written submissions and the arguments presented at the hearing, the Court DENIES Defendant's Motion as premature and because issues of fact remain.

**I. BACKGROUND**

In April 2016, Plaintiffs Columbia Insurance Co., MiTek Holdings, Inc., and MiTek USA, Inc. filed a Complaint and Demand

for Jury Trial (d/e 1) alleging that Defendant infringed on several of Plaintiffs' patents.  Four of Plaintiffs' patents pertain to improvements in automated jig systems, whereby the movement apparatuses are located substantially outside of the slot in which the pucks move.  One of the patents pertains to plank units for use with retrofitted automated jig systems, whereby the plank units are self-contained units that include a plank, drive motor, and puck assembly (the Koskovich patent).  Plaintiffs allege that Defendant has made, used, sold, or offered for sale an "Auto Puck System" that infringes Plaintiffs' patents.

In February 2017, Defendant filed its Motion for Summary Judgment asserting that the Fredrickson and Koskovich patents are invalid as a matter of law.  Specifically, Defendant argues that the claimed inventions are obvious in light of the prior art.

Plaintiffs oppose summary judgment, arguing that the motion is premature because claim construction disputes will have a direct bearing on Defendant's invalidity arguments and Plaintiffs have not been afforded the opportunity to complete fact or expert discovery.  Plaintiffs also argue that disputed facts remain.

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016). Summary judgment on the issue of obviousness is proper where the factual inquiries into obviousness present no genuine issue of material fact. See Plantronics, Inc. v. Aliph, Inc., 724 F.3d 1343, 1356 (Fed. Cir. 2013) (vacating in part and reversing in part the granting of summary judgment in favor of the defendant where the evidence pertaining to objective considerations raised genuine issues of material fact on the issue of obviousness).

## III. ANALYSIS

Having considered the parties' written submissions and the arguments presented at the hearing, the Court finds that Defendant's Motion is premature and that genuine issues of material fact remain.

Pursuant to section 103(a) of the Patent Act, "[a] patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art[.]" 35 U.S.C. § 103 (2011). Because patents are presumed valid, 35 U.S.C. § 282, the party seeking to invalidate a patent must establish obviousness by clear and convincing evidence. Kao Corp. v. Unilever U.S., Inc., 441 F.3d 963, 968 (Fed. Cir. 2006).

Obviousness is a question of law based on underlying factual determinations. Cumberland Pharms. Inc. v. Mylan Institutional LLC, 846 F.3d 1213, 1217 (Fed. Cir. 2017). The underlying factual determinations include (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the prior art; and (4) any objective evidence of nonobviousness, including long-felt but unsolved needs, commercial success, the failure of others, or evidence of copying. (The Graham Factors). Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17 (1966).

Defendant contends that the undisputed facts on each of the Graham factors demonstrate that the patents are obvious as a matter of law. The Court finds, however, that the motion is premature. Plaintiffs have had little opportunity to conduct fact discovery, and such discovery is relevant to the secondary considerations of nonobviousness. In addition, Plaintiffs intend to retain an expert on the Graham factors and should have the opportunity to do so.

Moreover, genuine issues of material fact remain, at the very least, on the differences between the prior art and the claims at issue. In addition, while Clyde R. Fredrickson's affidavit suggests that the problem of debris falling into the movement means/assembly was an obvious problem, the evidence is not clear that the solution to that problem was obvious.

## IV. CONCLUSION

For the reasons stated, Defendant Integrated Stealth Technology Inc.'s Motion for Summary Judgment (d/e 33) is DENIED with leave to refile at the close of discovery. The Court sets the following schedule on claim construction:

(1) The parties shall submit their initial claim construction briefs on or before July 21, 2017;

(2) Rebuttal briefs shall be filed on or before August 4, 2017; and

(3) A <u>Markman</u> hearing will be scheduled if necessary.

**ENTER: June 23, 2017**

**FOR THE COURT:**
<u>     s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**